IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER M. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No.: 7:12-cv-00247 |
| | ) | |
| v. | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By: Hon. Robert S. Ballou |
| **Commissioner of Social Security,** | ) | United States Magistrate Judge |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Christopher Montraile Smith ("Smith") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for supplemental security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401-433, 1381-1383f. Specifically, Smith alleges that the Commissioner (1) improperly rejected the opinion of his treating physician; (2) erred in failing to evaluate fibromyalgia according to SSR 99-2p and 12-2p;[1] (3) failed to properly analyze/develop the record as to his mental impairments; and (4) improperly disregarded testimony of a vocational expert. Smith also argues that he has presented new and material evidence which warrants remand.

This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The case is ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, the argument of counsel, and

---

[1] "Social Security Rulings are interpretations by the Social Security Administration of the Social Security Act. While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." Pass v. Chater, 65 F.3d 1200, 1204 n.3 (4th Cir. 1995) (citing Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989)).

the applicable law. I conclude that Smith has presented new and material evidence such that remand pursuant to sentence four of 42 U.S.C. § 405(g). As such, I **RECOMMEND DENYING** the Commissioner's motion for summary judgment (Dkt. No. 17), **GRANTING IN PART** Smith's motion for summary judgment (Dkt. No. 14), and reversing and remanding this case for further administrative consideration consistent with this Report and Recommendation.

## I.

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that the claimant failed to demonstrate that he was disabled under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The plaintiff bears the burden of proving that he suffers under a "disability" as that term is interpreted under the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability

to perform daily activities or certain forms of work. Rather, the claimant must show that his impairments prevent engaging in any and all forms of substantial gainful employment given the claimant's age, education, and work experience. See 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[2] (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

In cases such as this, where the claimant has submitted additional evidence to the Appeals Council, and the Appeals Council considered that evidence, this court must review the record as a whole, including the new evidence, to determine whether substantial evidence supports the Commissioner's findings. Wilkins v. Secretary, Dep't of Health and Human Servs., 953 F.2d 93, 95-96 (4th Cir. 1991).

---

[2] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

**II.**

**Social and Vocational History**

Smith was born April 7, 1966 R. 55. He completed the 10th grade, did not finish 11th grade, and has no subsequent education. R. 56. Smith has worked as a carpenter, with on-the-job training, which is heavy, semi-skilled work. R. 58. He stopped working in July of 2005. R. 35. Smith describes his daily activities as sitting or lying around the house watching televisions and trying to walk some. R. 33, 239.

**Claim History**

Smith filed his claim for SSI and DIB October 12, 2007. R. 193, 199. He initially claimed a disability onset date of July 1, 2005. R. 193, 199. The Commissioner denied Smith's application initially and upon reconsideration. R. 61, 62, 63, 64. Administrative Law Judge ("ALJ") Robert S. Habermann held a hearing on March 23, 2010, at which Smith, represented by counsel, and a vocational expert testified. R. 28-51. At the hearing, Smith amended his alleged onset date to March 31, 2008. R. 55.

The ALJ denied Smith's claim on April 1, 2010. R. 9-27. In his opinion, the ALJ found that Smith suffered from the severe impairments of chronic pain syndrome attributable to lumbar spondylosis and right patellar tendonitis status a post right femur fracture in the remote past, fibromyalgia, and depression. R. 14. The ALJ found Smith's toothaches, headaches, and gout were non-severe impairments. R. 14. The ALJ found that none of these impairments, either individually or in combination, met or medically equal a listed impairment. R. 15. The ALJ further found that Smith has an RFC to lift and/or carry twenty pounds occasionally and ten pounds frequently; to sit for six hours out of an eight hour workday, stand for six hours out of an eight hour workday, and walk for four hours out of an eight hour day; frequently reach in all

directions (except overhead), handle, finger, feel, and push/pull with both upper extremities; occasionally reach overhead, climb ramps or stairs, balance, stoop, kneel, crouch, crawl, use both feet in the operation of foot controls; occasionally work around moving mechanical parts, work on vibrating surfaces, operate a motor vehicle, be exposed to humidity/wetness, work around dusts/odors/fumes/pulmonary irritants, and be exposed to extreme hot or cold temperatures. The ALJ further found Smith can never climb ladders, ropes, or scaffolds, or work at unprotected heights and that any combination of the claimant's generalized pain in his back and legs, headaches, depression, fatigue due to difficulty sleeping, and side effects from his medication would cause him to have a moderate reduction in attention, concentration, or pace—that is, he would think about his problems for eight to ten seconds at a rate of eight to ten times in any given hour, but that he would not abandon his tasks and that he would be able to complete a full workday. R. 16.

Based on this RFC, the ALJ found that Smith is unable to perform any past relevant work, R. 22, but that there are jobs, which exist in significant numbers in the national economy, which Smith can perform, given his age, education, work experience, and RFC, such as laundry folder, laundry worker, and usher. R. 22-23. As such, the ALJ concluded that Smith is not disabled. R. 23.

### III.

Smith's primary medical issue is fibromyalgia. Dr. Joseph Lemmer first diagnosed Smith with fibromyalgia on July 20, 2009. R. 358. Smith saw Dr. Lemmer again for his fibromyalgia on August 18 and on November 16. R. 354-57, 399. Dr. Lemmer completed a fibromyalgia arthritis questionnaire on December 2, 2009 in which he found that Smith had significant functional limitations due his fibromyalgia, and that the limitations related back to March 31,

5

2008. R. 400-01. On February 18, 2010, Dr. Lemmer completed a medical source statement of ability to do physical work-related activities in which he found again found Smith had significant functional limitations due his fibromyalgia, but indicated that he did not anticipate these limitations would last at least twelve months. R. 403-09.

The ALJ, Robert S. Habermann, issued his decision denying Smith's claim on April 1, 2010, R 12-23, and rested his decision, in part, on Dr. Lemmer's statement of February 18, 2010 that he did not believe Smith's limitations relating to his fibromyalgia would last at least twelve months. R. 19. The ALJ rejected the opinions of Dr. Lemmer in their entirety stating that he was "not persuaded by the objective medical record that the claimant has compelling physical impairments that would render him permanently and totally disabled or would cause the extreme limitations as Dr. Lemmer has indicated in his opinions." R.20.

On April 4, 2011, Smith saw Dr. Lemmer again and indicated that he now did expect Smith's limitations would last at least twelve months and again indicating that Smith would have severe limitations in his activities, and that these limitations dated back to March 31, 2008. R. 412. Smith filed Dr. Lemmer's April 4, 2011 opinion with the Appeals Council, along with a treatment note from Dr. Lemmer dated October 25, 2010 and a November 22, 2010 opinion from Dr. Lemmer indicating Smith's limitations set forth in his December 2009 opinion remained in effect. R. 5, 412-18. Smith also submitted a new application with an amended alleged onset date of November 2, 2010.

On April 6, 2012, the Appeals Council found that evidence Smith had submitted, including Dr. Lemmer's April 2011 opinion, did not provide a basis for changing Judge Habermann's April 1, 2010 decision finding Smith not disabled, and denied Smith's request for review. R. 1-6. Judge Habermann's unfavorable decision of April 1, 2010 as to Smith's initial

6

application thus became the final decision of the Commissioner. R. 1. On January 1, 2012, Smith filed his complaint in this court seeking judicial review of the ALJ's decision. (Dkt. No. 1).

On December 18, 2012, Judge Habermann rendered a favorable decision on the subsequent application, giving great weight to the April 4, 2011 opinion of Dr. Lemmer that Smith had filed with the Appeals Council. (Dkt. No. 15 at 7-13, 16). Specifically, Judge Habermann stated that he gave Dr. Lemmer's opinion "great weight because he had a long-term treating relationship with the claiman, and his opinion is consistent with the medical evidence of record." (Dkt. No. 15 at 11).

Smith contends that the April, 2011 opinion of Dr. Lemmer and the subsequent favorable disability decision constitute new and material evidence warranting remand, especially where, as here, the ALJ who considered Smith's initial disability claim assigned great weight to the April, 2011 opinion of Dr. Lemmer in his second disability application. For the reasons that follow, I find that Dr. Lemmer's April, 2011 opinion does constitute new and material evidence.

"A claimant seeking a remand on the basis of new evidence . . . must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier." Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). Evidence is new if it is not duplicative or cumulative; it is material if there is a reasonable possibility it would have changed the outcome of the Commissioner's decision. Id. at 96. The Appeals Council will consider the additional evidence "only where it relates to the period on or before the date of the [ALJ's] hearing decision." Id. (citing 20 C.F.R. § 416.1470(b)). Smith has the burden of demonstrating that a remand is appropriate given any new and material evidence.

Meadows v. Astrue, CIVA 5:08-CV-01129, 2010 WL 1380117, at *3 (S.D.W. Va. Mar. 31, 2010).

Courts in this district have on several occasions addressed whether a subsequent favorable disability decision constitutes sufficient grounds for a remand. Compare Phillips v. Astrue, Case. No. 7:12cv194, 2013 WL 485949, at *3-4 (W.D. Va. Feb. 5, 2013) (finding remand based simply upon a subsequent finding of disabled to be an incorrect application of the law); with Hayes v. Astrue, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) (holding that a subsequent favorable finding of disability may itself constitute new and material evidence warranting remand where the record does not reflect whether the new favorable decision relied upon additional evidence). The Fourth Circuit has stated in an unpublished opinion that "a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." Baker v. Comm'r of Soc. Sec., 12-1709, 2013 WL 1866936, at *1 n.1 (4th Cir. May 6, 2013) (quoting Allen v. Commissioner, 561 F.3d 646, 653 (6th Cir.2009)). I do not address whether a subsequent favorable opinion itself can be the basis for remand, because no question exists that if additional evidence submitted in support of a subsequent favorable decision is considered new and material to the initial application, a remand is warranted. See, e.g., Allen, 561 F.3d at 653-4 (6th Cir. 2009) ("[R]emand would be appropriate based on [a] subsequent favorable decision only if the subsequent decision was supported by new and material evidence that [a claimant] had good cause for not raising in the prior proceeding."); Sayre v. Astrue, Civ. No. 3:09–01061, 2010 WL 4919492, at *4 (S.D. W.Va. Nov.29, 2010) (remanding upon finding that the evidence underlying a subsequent determination was new and material); cf. Hayes, 488 F. Supp. 2d at 565 (W.D. Va. 2007) (holding that a subsequent decision may be considered new and material

evidence depending upon the nature of the evidence supporting the subsequent decision); Reichard v. Barnhart, 285 F. Supp. 2d 728, 734 (S.D. W.Va. 2003) (finding that a subsequent finding of disability is new and material evidence where some of the evidence the ALJ considered was in the record before him on the first and/or before the Appeals Council).

Here, there is no question that the April, 2011, opinion of Dr. Lemmer is new evidence, as the opinion is substantively different from the prior ones rendered by Dr. Lemmer. Nor could Smith have submitted the opinion earlier, as it post-dates the ALJ's decision. The question is one of materiality. Smith's argument is simply that time has proven that his impairments lasted more than twelve months, and that fact is a change in the evidence creating a reasonable possibility of a different decision. The Commissioner argues that Judge Habermann issued two separate decisions adjudicating two distinct periods of time and that there is thus no indication that Dr. Lemmer's opinion of April, 2011 would impact Judge Habermann's denial of Smith initial application.

I find that the opinion of Dr. Lemmer submitted to the Appeals Council does relate back to the relevant time period. Dr. Lemmer indicated that his April 2011 opinion relates to March 31, 2008. R. 416. Lemmer's opinion in February 2010 reflected that he did not expect Smith's limitations from his fibromyalgia to last more than 12 months. In the fullness of time, however, Smith's fibromyalgia persisted and Lemmer rendered the opinion in April 2011 that the limitations continued. Furthermore, the Commissioner has not pointed to any evidence that Smith's condition worsened (or otherwise changed) between Judge Habermann's denial of Smith's initial claim on April 1, 2010 and his finding of disability with an onset date of November 2, 2010 in the second disability application. Additionally, while Judge Habermann did indicate in his subsequent favorable decision that he was not adjudicating Smith's prior

9

claim, this was based on the recognition that "the proper jurisdiction for that claim currently rests with the District Court."  (Dkt. No. 15-1 at 7).

Not only does Dr. Lemmer's April 2011 opinion relate back to the relevant period, there is also a reasonable possibility that it could change the outcome of the Commissioner's decision. Judge Habermann rested his decision, in part, on Dr. Lemmer's statement of February 18, 2010 that he did not believe Smith's limitations relating to his fibromyalgia would last at least twelve months.  R. 19, 409.  However, the evidence submitted to the Appeal Council indicates that Dr. Lemmer has revised his opinion after having additional time to observe Smith and indicated that Smith's limitations would in fact be expected to last at least twelve months.  R. 412. Furthermore, Judge Habermann, in his unfavorable decision as to Smith's initial application, rejected Dr. Lemmer's opinions of December 2, 2009 and February 18, 2010 in their entirety in part because he found that Dr. Lemmer failed to provide sufficient explanation of the evidence supporting his findings.  R. 20.  In contrast, in his favorable decision as to Smith's subsequent application, Judge Habermann gave great weight to Dr. Lemmer's April 4, 2011 opinion, finding that Dr. Lemmer supported his opinion by citing to specific medical evidence.  (Dkt. No. 15 at 11).  This further supports the conclusion that Dr. Lemmer's April, 2011 opinion could change the outcome of Judge Habermann's unfavorable decision as to Smith's initial application.

In sum, the Dr. Lemmer's April, 2011 opinion indicates that the progress of time has proven that Dr. Lemmer's optimistic assessment of Smith's condition incorrect.  There is a reasonable possibility that this evidence would change the outcome of the Commissioner's decision.  Specifically, a reasonable ALJ may render a different decision if great weight is given to Dr. Lemmer's April 2011 opinion that Smith will suffer from functional limitations from his fibromyalgia for greater than 12 months.  No ALJ has been given the opportunity to consider

Smith's medical claims prior to April 2010 with opinion evidence that the limitations from his fibromyalgia will continue for greater than 12 months. Accordingly, I find that Dr. Lemmer's April 4, 2011 opinion constitutes new and material evidence constituting sufficient grounds for a remand.

## **RECOMMENDED DISPOSITION**

For the foregoing reasons, it is **RECOMMENDED** that the defendant's motion for summary judgment be DENIED, Smith's motion for summary judgment be GRANTED IN PART, and this case be REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g) with instructions to consider Dr. Lemmer's April 4, 2010 opinion.

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Enter: August 14, 2013

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge